UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC.; dba INTEGRATED SPORTS MEDIA, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-01460 |
| | § | |
| JOSE HECTOR MARTINEZ; aka MARTINEZ; dba REFRESQUERIA EL RINCON; dba LA ROCA | § § § § | |
| And | § § | |
| MARIA ELIZABETH VILLATORO; individually, and d/b/a REFRESQUERIA EL RINCON a/k/a EL RINCON REFRESQUERIA, *et al*, | § § § § § | |
| Defendants. | | |

## ORDER AND OPINION

Pending before the Court in the above-referenced cause, an "Anti–Piracy" case grounded in the Federal Communications Act of 1934 ("FCA" or the "Act"), as amended by the Federal Cable Communications Act of 1984, 47 U.S.C. §§ 553 and 605, is Plaintiff's motion for default judgment against Defendant Maria Elizabeth Villatoro, individually, and d/b/a Refresqueria El Rincon a/k/a El Rincon Refresqueria ("Villatoro"),[1] Doc. 36, and motion for summary judgment against Defendant Jose Hector Martinez a/k/a Jose H. Martinez, individually, and d/b/a Refresqueria El Rincon a/k/a El Rincon Refresqueria ("Martinez") (and collectively, "Defendants"), Doc. 37. Martinez has not filed a response to the motion for summary judgment.

---

[1] While the motion for default judgment also referenced Defendant Orvin Nahon Flores, Flores entered into an agreed judgment with ISM for damages in the amount of $20,000, court costs, and 5% post-judgment interest. Doc. 39 (Agreed Judgment (Solely as to Defendant Orvin Nahon Flores). Thus, this order and opinion addresses ISM's motion for default only as against Villatoro.

1 / 12

After careful consideration of the filings, record, and law, the Court GRANTS Plaintiff's motion.

Plaintiff seeks statutory damages under 47 U.S.C. § 605 in the amount of $10,000, additional damages for willful violation in the amount of $50,000, attorney's fees and costs, a permanent injunction, and pre and post-judgment interest against both Defendants. *See J & J Sports Prods., Inc. v. Rivera*, Civ. A. No. H–13–902, 2014 WL 3533472 at *1 n.1 (S.D. Tex. July 14, 2014) (noting courts generally award damages under section 605). Docs. 36 at 10–11; 37 at 14–15.

## I. Background

This case arises from Villatoro and Martinez's alleged piracy of the June 2, 2012 closed-circuit telecast of the El Salvador v. Honduras Soccer Game ("Event"). Doc. 27 at ¶ 7. Plaintiff, Innovative Sports Management, Inc. d/b/a Integrated Sports Media ("ISM"), was the exclusive broadcast licensee authorized to sub-license the Event to commercial customers in Texas. Doc. 27 at ¶ 7. Accordingly, commercial establishments such as bars and restaurants could receive and broadcast the Event only by purchasing it from ISM. *Id.* ¶ 8. After receiving sub-license fees, ISM would then provide these customers with electronic decoding equipment and/or the necessary satellite coordinates to receive the signal. *Id.* ¶ 9–12.

According to ISM's second amended complaint, ISM alleges that Defendants willfully intercepted ISM's signal to broadcast the Event to El Rincon patrons without having paid the required fees. *Id.* ¶¶ 11–17. According to the affidavit of ISM's auditor, Bobbie Jean Solis, she observed between five and seven patrons watching the Event on a 36" television "on the south end of a small dining room." The dining room consisted of "8 tables" "covered with gold color lace tablecloths," "green" walls, a "handwritten menu on markerboard," and a "large still-life painting of fruit on the west wall." Doc. 36-1 at 31–37. The dining room capacity was

approximately "40 people." *Id.* For forty people, ISM's CCTV rate card indicates a sublicense fee of $750 would have been appropriate. *Id.* at 7, 32, 38. And ISM alleges that Villatoro and Martinez were owner/managers of El Rincon Refresqueria at the time of the June 2 broadcast. *Id.* ¶ 2–3. According to ISM, Defendants' wrongful actions violated the FCA. Doc. 27 ¶ 18.

ISM served Villatoro with its First Amended Complaint on July 23, 2015 and with the Second Amended Complaint on February 29, 2016. Docs. 9 at 6, 32-2. To date, Villatoro has not filed an answer or any other responsive pleading with the Court. Doc. 36 at ¶ 3. Also, "Defendant Villatoro has not contacted ISM nor has ISM been in contact with []Villatoro concerning this lawsuit." *Id*. And the Court granted default against Villatoro on December 12, 2017. Doc. 44. Accordingly, ISM now moves for final default judgment against Villatoro under 47 U.S.C. § 605 and seeks statutory damages, additional damages for willful conduct, a permanent injunction, attorney's fees, costs, and pre and post-judgment interest. Doc. 36 at 10–11. ISM attached to its motion for default Thomas P. Riley's Affidavit detailing the losses ISM sustained, Doc. 36-1 at 5; a copy of the CCTV Broadcast Agreement, Doc. 36-1 at 13; the affidavit of Bobbie Jean Solis, ISM's auditor, Doc. 36-1 at 31; a copy of the CCTV rate card, Doc. 36-1 at 38; and David M. Diaz's affidavit and attachment concerning attorney's fees, Doc. 36-2.

ISM served Martinez with its First Amended Complaint on September 16, 2015 and with the Second Amended Complaint on February 6, 2016. Docs. 9 at 6, 32-2. Martinez answered.[2] Doc. 12. Next, ISM served Martinez with requests for admissions, Doc. 37-2 at 51, but Martinez did not respond. Then ISM filed its motion for summary judgment, Doc. 37, and again Martinez did not respond. ISM attached to its motion for summary judgment the same evidence as its

---

[2] IMS asks the Court to take judicial notice of all pleadings, including Martinez's Answer. IMS does not object to Martinez's answer as untimely filed on October 19, 2015. Doc. 37 at 2. The Court takes judicial notice of its docket.

motion for default along with admissions against Martinez, Doc. 37-2 at 29, and proof of service of discovery on Martinez, Doc 37-2 at 51.

In his answer, Martinez asserts that "I sold [El Rincon] in 29th of November of 2011 . . . to Gloria I Ramos." Doc. 12 at 1. Martinez attached to his answer evidence showing transfer of the restaurant between Villatoro and Ramos, but not between Martinez and Ramos, as follows: "Receipt of Withdrawal of an Assumed Name" indicating that "Villatoro Maria Elizabeth" withdrew the assumed name of "Refresqueria El Rincon," *id.* at 2; and a sale agreement between where Villatoro agrees to sell El Rincon to Gloria Ramos, *id.* at 3; and a final payment of Ramos to Villatoro dated March 26, 2012, *id.* at 4. Yet, in the admissions to which he did not respond, Martinez admitted to being the owner of the establishment which broadcast the Event without the permission of ISM. Doc. 37-2 at 29–41.

## II. Legal Standards and Discussion

### A. Default Judgment as to Villatoro

Rule 4 of the Federal Rules of Civil Procedure requires the plaintiff to serve a copy of the summons and complaint on the defendant. Fed. R. Civ. P. 4(c)(1). If the opposing party then fails to plead or otherwise defend as required by law, the serving party is entitled to entry of a default by the clerk of the court. Fed. R. Civ. P. 55(a). Following entry of the clerk's default, the Court may enter a final default judgment. Fed. R. Civ. P. 55(b). Local Rule 5.5 requires that a motion for default judgment be served upon the defendant via certified mail, return receipt requested. S.D. Tex. L.R. 5.5.

Yet, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). When

considering the motion for default judgment, the court should accept as true all well-pleaded allegations of fact in the complaint and a defendant is barred from contesting those facts on appeal. *Id.*; *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (holding that a defendant does not admit facts that are not well-pleaded or to admit conclusions of law). As to damages, a default judgment may be entered if the plaintiff's claim is for a sum certain or a sum which can be made certain by computation; otherwise, the court must hold a hearing to determine the appropriate award. *Richardson v. Salvation Army*, 161 F.3d 7, *1 (5th Cir. 1998).

To determine if a default judgment should be entered against a defendant, courts apply a two-step analysis. *Entizne v. Smith Moorevision, LLC*, No. 3:13–CV–2997–B, 2014 WL 1612394, at *1 (N.D. Tex. Apr. 22, 2014) (citing *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C10–390, 2011 WL 4738179, at *2–3 (S.D. Tex. Oct. 5, 2011)). First, the court decides whether entry of default judgment is appropriate under the circumstances. *Id*. (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The court considers the following factors to resolve the issue: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would find itself obliged to set aside the default on the defendant's motion. *Id*. As a second step, the court weighs the merits of the plaintiff's claims and must find an adequate basis in the pleadings to support a default judgment. *Id*. (citing *Nishimatsu*, 515 F.2d at 1206).

Here, ISM satisfied Local Rule 5.5 by mailing a copy of motion for default judgment to Villatoro via certified mail, return receipt requested. Doc. 36 at 12. Villatoro, by failing to

answer or otherwise respond to ISM's Second Amended Complaint, has admitted the well-pleaded allegations in the Second Amended Complaint, and are consequently precluded from contesting the established facts on appeal. *See Nishimatsu*, 515 F.2d at 1206. In addition, applying the six-factor default-judgment test to this case, the Court finds: (1) there are no material facts in dispute because Villatoro failed to file an answer or any responsive pleading in this action; (2) Villatoro's failure to respond threatens to bring the adversary process to a halt, thereby effectively prejudicing ISM's interests; (3) service of process was executed against Villatoro on July 23, 2015 and again on February 29, 2016; (4) there is no evidence before the Court suggesting that Villatoro's failure to appear or file anything is the result of a good faith mistake or excusable neglect; (5) the nearly thirty months that have passed since ISM filed its original complaint mitigates the harshness of a default judgment; (6) considering all supporting affidavits and other documentary evidence, the Court finds that ISM is seeking relief to which it is entitled, and the Court knows of no facts that would constitute good cause to set aside a default judgment. Thus, it finds entry of default judgment to be appropriate pursuant to the factors above.

Next, the Court determines if the pleadings support a default judgment. Section 605 is a strict liability statute. *Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 753 (S.D. Tex. 2014). To establish liability, ISM must show that (1) the Event was exhibited in El Rincon Refresqueria and (2) ISM did not authorize the particular exhibition of the Event. *Id.* ISM's well-pleaded complaint and affidavits establish both of these elements. *Nishimatsu*, 515 F.2d at 1206; Doc. 36-1.

Accepting ISM's well-pleaded allegations as true, the Court finds that Villatoro is in default, and holds that ISM is entitled to a default judgment, appropriate damages, injunctive

relief, attorney's fees, and costs.

### B. Summary Judgment as to Martinez

Summary judgment under Federal Rule of Civil Procedure 56 is appropriate when, viewing the evidence in the light most favorable to the nonmovant, the court determines that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Hanif v. United States*, No. CV H-15-2718, 2017 WL 447465, at *4 (S.D. Tex. Feb. 2, 2017). A dispute of material fact is "genuine" if the evidence would allow a reasonable jury to find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir. 1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) and *Liberty Lobby*, 477 U.S. at 249–50).

Allegations in a plaintiff's complaint are not evidence. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996)("[P]leadings are not summary judgment evidence."); *Johnston v. City of Houston, Tex.*, 14 F.3d 1056, 1060 (5th Cir. 1995) (for the party opposing the motion for summary judgment, "only evidence—not argument, not facts in the complaint—will satisfy' the burden.").

The movant bears the initial burden "of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The burden then shifts to 'the nonmoving party to go beyond the pleadings and by her own affidavits [and other competent evidence] designate specific facts showing that there is a genuine issue for trial.'" *Davis v. Fort Bend Cty.*, 765 F.3d 480, 484 (5th Cir. 2014) (quoting *Celotex Corp.*, 477 U.S. at 324).

But if the non-movant does not respond, "[a] federal court may not grant a 'default' summary judgment where no response has been filed." *Bradley v. Chevron U.S.A., Inc.*, No. Civ. A. 204CV092J, 2004 WL 2847463, *1 (N.D. Tex. Dec. 10, 2004) (citing *Eversley v. MBank of Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)); *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. FED R. CIV. P. 56(e)(2); *Bradley*, 2004 WL 2847463 at *1 and n.2; *see also Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed). *See also Unum Life Ins. Co. of America v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) ("A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence.").

Similarly, under Federal Rule of Civil Procedure 36, if a party does not respond to a request for admission, it is admitted and the matter is conclusively established. *Hulsey v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991); *Innovative Sports Mgmt., Inc. v. Huetamo Enterprises, Inc.*, CV H-15-1478, 2016 WL 5791702, at *2 (S.D. Tex. Oct. 4, 2016); *see also J&J Sports Productions, Inc. v. Los Gemelos Inc.*, No. SA-14-CA-414-FB, 2015 WL 12552033, at *6 (W.D. Tex. Apr. 9, 2015) (holding admissions were sufficient for summary judgment for piracy under the FCA where pro se defendant answered alleging non-ownership of the corporation owning the

venue, but did not respond to admissions or summary judgment), *report and recommendation adopted*, CV SA-14-CA-414-FB, 2015 WL 12552034 (W.D. Tex. May 8, 2015).

Here, ISM has submitted summary judgment evidence supporting the essential FCA elements that (1) the Event was exhibited in El Rincon Refresqueria and (2) ISM did not authorize the particular exhibition of the Event. *See Celotex Corp.*, 477 U.S. at 323; *Joe Hand Promotions,* 11 F. Supp. 3d at 753. Because Martinez did not to respond, object, or assert any privileges to any of ISM's requests for admission, the admissions, which establish that Martinez violated the Federal Communications Act of 1934, are deemed admitted. Doc. 37-2 at 32, 38 ("On June 2, 2012, the Event was exhibited or broadcast at the [El Rincon] for your financial gain" and "[Martinez] did not receive authorization from [ISM] to show the Event in the [El Rincon].").

Because ISM properly submitted summary judgment evidence to meet all the essential elements of the FCA violation, and it shifts the burden to Martinez coming forward with evidence that raises a material question of fact for trial. Martinez did not respond and so did not meet this burden. *See* FED R. CIV. P. 56(e)(2); *Thompson*, 258 F. Supp. 2d at 515. Also, Martinez's answer and attached exhibits alleging that he did not own the company at the time of the Event do not overcome his deemed admissions to the contrary.[3] *See J&J Sports Productions,*

---

3    The district court is to construe liberally the briefs of pro se litigants and to apply less stringent standards to them than to parties represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reciting the long-established rule that documents filed pro se are to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). But "pro se litigants are still expected to brief the issues and reasonably comply with the requirements of the Federal Rules of Civil Procedure." *Bivins v. Miss. Reg'/ Hous. Auth. VIII*, No. 15-60484, 2016 WL 612069, at *1 (5th Cir. Feb. 15, 2016) (per curiam) (unpublished) (citing Grant, 59 F.3d at 524); *E.E.O.C. v. Simbaki, Ltd*, 767 F.3d 475, 484 (5th Cir. 2014), as revised (Sept. 18, 2014).

*Inc.*, 2015 WL 12552033 at *6. Summary judgment in favor of ISM is proper. *See Marine Geotechnics, LLC v. Williams*, 2011 WL 147722, at *3. Accordingly, the Court

GRANTS ISM's motion for summary judgment and holds that ISM is entitled to appropriate damages, injunctive relief, attorney's fees, and costs.

### C. Damages

ISM seeks statutory damages in the amount of $10,000 under 47 U.S.C. § 605(e)(3)(C)(i)(II) and additional damages of $50,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii). Doc. 36 at 10–11.

Under section 605, the court may award damages between $1,000 and $10,000 for each violation. 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II). After a careful review of ISM's evidence, especially Attorney Riley's affidavit, Doc. 36-1 at 8–10, which details the types of damages that ISM has suffered, including loss of existing and potential customers, loss of sublicense fees, financial loss, loss of good will, and loss of reputation, and the Agreed Judgment (Solely as to Defendant Orvin Nahon Flores) in the amount of total damages of $20,000, Doc. 39, the Court finds that an award of $6,000.00 in statutory damages is appropriate.

The Court also has the discretion to award additional damages up to $100,000 for willful violations under 47 U.S.C. 605(e)(3)(C)(ii). And this Court has previously held that using "an unauthorized decoder to bring the signal of the Event into the Defendant's establishment" is a willful violation. *See Rivera*, 2014 WL 3533472, at *2 n.2. By showing Villatoro decoded the Event signal into the El Rincon Refresqueria, ISM has shown that Villatoro willfully intercepted the signal for purposes of direct or indirect commercial advantage or private gain. Precedent suggests that a multiplier of three to eight times the amount of statutory damages is appropriate for willful violations of the Act. *See id.* at 3 (collecting cases). In light of the fact that the event

was exhibited on a single 36" television in a small dining room with as many as seven patrons, but given the importance of deterring future violations and encouragement for agreed judgments, the Court finds a multiplier of four times statutory damages is reasonable and awards ISM, $24,000 in additional damages. Accordingly, ISM is entitled to damages in the total amount of $30,000.

### D. Permanent Injunction

ISM also seeks a permanent injunction that enjoins Defendants from ever intercepting or exhibiting an unauthorized program in violation of the FCA. Doc. 36 at 11.

The statute permits courts to grant a final injunction "on such terms as it may deem reasonable to prevent or restrain violations" of the Act. 47 U.S.C. § 605(e)(3)(B)(i); *See Rivera*, 2014 WL 3533472, at *4. After reviewing the evidence and authority, the Court determines that injunctive relief is appropriate. Accordingly, Villatoro and Martinez, their officers, agents, servants, employees, and attorneys and those persons in active concert or participation with either Villatoro and Martinez are forever enjoined from ever intercepting or exhibiting an unauthorized program in violation of the Act.

### E. Costs and Attorney's Fees

ISM seeks attorneys' fees in the amount of one-third of recovery, or alternatively, for four hours of billed time against Villatoro and eight hours of billed time against Martinez at a blended hourly rate of $250. Docs. 36 at 10–11, 36-2 at 6–7; 37 at 14–15, 37-2 at 6, 8–9. ISM also seeks attorney's fees for post-trial and appellate services, and costs and post-judgment interest at the highest lawful rate. *Id.*

In considering attorney's fees, the Court finds ISM's request to receive one-third of the actual and additional damages, which would result in an award of $10,000, to be unreasonable

"because ISM's counsel prosecutes numerous cases of this nature and uses forms that only need to be changed with respect to the day an event is broadcast, the name of the defendant or defendants who committed the violations, and the facts that support the violations." *Joe Hand Promotions v. Leija*, 2014 WL 1095034 at *3 (N.D. Tex. March 20, 2014). *See also Rivera*, 2014 WL 3533472, at *3. Rather, the Court concludes that recovery under the lodestar method is more equitable. Based on Diaz's affidavits, Docs. 36-2 ¶ 9, 37-2 ¶ 9, the Court awards ISM $3,000 in reasonable attorney's fees for twelve hours at his hourly rate of $250.

Finally, the Court rejects ISM's request for post-trial, pre-appeal, and appellate fees as speculative and premature. ISM may apply for such if and when the fees are incurred. *Rivera*, 2014 WL 3533472, at *3.

### III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that ISM's motions for default and summary judgment are **GRANTED.** Docs. 36, 37.

SIGNED at Houston, Texas, this 19th day of December, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE